CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ARTURO PONCE RODRIGUEZ, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| CAPRI LAUNDROMAT ROOM LIMITED | |
| LIABILITY COMPANY (D/B/A CAPRI | **ECF Case** |
| LAUNDRY ROOM) and ANGELO CAMPOS | |
| DE ARAUJO, | |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Arturo Ponce Rodriguez ("Plaintiff Ponce" or "Mr. Ponce"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Capri Laundromat Room Limited Liability Company (d/b/a Capri Laundry Room), ("Defendant Corporation") and Angelo Campos De Araujo, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.    Plaintiff Ponce is a former employee of Defendants Capri Laundromat Room Limited Liability Company (d/b/a Capri Laundry Room) and Angelo Campos De Araujo.

2.    Defendants own, operate, or control a laundromat, located at 343 E 66th Street, New York, NY 10065, under the name "Capri Laundry Room".

3.      Upon information and belief, individual Defendant Angelo Campos De Araujo, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the laundry service as a joint or unified enterprise.

4.      Plaintiff Ponce was employed as laundromat attendant at the laundry service located at 343 E 66th Street, New York, NY 10065.

5.      At all times relevant to this Complaint, Plaintiff Ponce worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Ponce appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants failed to pay Plaintiff Ponce wages on a timely basis.

8.      In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Ponce's and other tipped employees' tips and made unlawful deductions from Plaintiff Ponce's and other tipped employees' wages.

9.      Defendants' conduct extended beyond Plaintiff Ponce to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ponce and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Ponce now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Ponce seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Ponce's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiff Ponce was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.     Plaintiff Arturo Ponce Rodriguez ("Plaintiff Ponce" or "Mr. Ponce") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Ponce was employed by Defendants at Capri Laundry Room from approximately March 2020 until on or about December 2021.

17.     Plaintiff Ponce consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants own, operate, or control a laundromat, located at 343 E 66th Street, New York, NY 10065, under the name "Capri Laundry Room".

19.     Upon information and belief, Capri Laundromat Room Limited Liability Company (d/b/a Capri Laundry Room) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 343 E 66th Street, New York, NY 10065.

20.     Defendant Angelo Campos De Araujo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Angelo Campos De Araujo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Angelo Campos De Araujo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ponce, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a laundromat located in a neighborhood in Manhattan.

22.     Individual Defendant, Angelo Campos De Araujo, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Ponce's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ponce, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Ponce (and all similarly situated employees) and are Plaintiff Ponce's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Ponce and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendant Angelo Campos De Araujo operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff Ponce's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Ponce, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Ponce's services.

29.     In each year from 2020 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Ponce is a former employee of Defendants who was ostensibly employed as a laundromat attendant.

32.     Plaintiff Ponce seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Arturo Ponce Rodriguez*

33.     Plaintiff Ponce was employed by Defendants from approximately March 2020 until on or about December 2021.

34.     Defendants ostensibly employed Plaintiff Ponce as a laundromat attendant, however, Plaintiff Ponce would spend most of his day as a delivery worker for the laundromat, picking up and dropping off clothes.

35.     Plaintiff Ponce regularly handled goods in interstate commerce, such as detergents, clothes, and other supplies produced outside the State of New York.

36.     Plaintiff Ponce's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Ponce regularly worked in excess of 40 hours per week.

38.     From approximately March 2020 until on or about December 2021, Plaintiff Ponce worked from approximately 9:00 a.m. until on or about 7:00 p.m. to 7:30 p.m., Monday through Saturday (typically 60 to 63 hours per week).

39.     Throughout his employment, Defendants paid Plaintiff Ponce his wages in cash.

40.     From approximately March 2020 until on or about May 2020, Defendants paid Plaintiff Ponce approximately $700 per week.

41.     From approximately June 2020 until on or about December 2021, Defendants paid Plaintiff Ponce approximately $800 per week.

42.     Defendants did not pay Plaintiff any wages for his work during his last seven days of work.

43. Additionally, Plaintiff was not compensated for a fine of $124 which he received due to a violation of the company van's tinted windows. Not only did the Defendants not pay the fine, but Plaintiff's license was suspended for this event.

44. Defendants withheld a portion of Plaintiff Ponce's tips; specifically, and upon information and belief, Defendants pocketed 100 percent of his tips.

45. Plaintiff Ponce was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ponce regarding overtime and wages under the FLSA and NYLL.

47. Defendants frequently failed to pay Plaintiff Garcia in a timely manner. For example, Plaintiff Garcia was supposed to receive his weekly payment on Sunday, but his pay would be delayed up to Saturday.

48. Defendants did not provide Plaintiff Ponce an accurate statement of wages, as required by NYLL 195(3).

49. Defendants did not give any notice to Plaintiff Ponce, in English and in Spanish (Plaintiff Ponce's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ponce (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

51.      Plaintiff Ponce was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52.      Defendants' pay practices resulted in Plaintiff Ponce not receiving payment for all his hours worked, and resulted in Plaintiff Ponce's effective rate of pay falling below the required minimum wage rate.

53.       Plaintiff Ponce and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

54.      In violation of federal and state law as codified above, Defendants classified Plaintiff Ponce and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

55.      Defendants failed to inform Plaintiff Ponce who received tips that Defendants intended to take a deduction against Plaintiff Ponce's earned wages for tip income, as required by the NYLL before any deduction may be taken.

56.      Defendants failed to inform Plaintiff Ponce who received tips, that his tips were being credited towards the payment of the minimum wage.

57.      Defendants failed to maintain a record of tips earned by Plaintiff Ponce who worked as a laundromat delivery worker for the tips he received. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Ponce who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving laundromat delivery workers of a portion of the tips earned during the course of employment.

58.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

59.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

60.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61.    Defendants paid Plaintiff Ponce his wages in cash.

62.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

63.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ponce (and similarly situated individuals) worked, and to avoid paying Plaintiff Ponce properly for his full hours worked.

64.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

65.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Ponce and other similarly situated former workers.

66.    Defendants failed to provide Plaintiff Ponce and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

67.      Defendants failed to provide Plaintiff Ponce and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

68.      Plaintiff Ponce brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

69.      At all relevant times, Plaintiff Ponce and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

70.     The claims of Plaintiff Ponce stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

71.     Plaintiff Ponce repeats and realleges all paragraphs above as though fully set forth herein.

72.     At all times relevant to this action, Defendants were Plaintiff Ponce's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Ponce (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

73.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75.     Defendants failed to pay Plaintiff Ponce (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

76.     Defendants' failure to pay Plaintiff Ponce (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

77.     Plaintiff Ponce (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

78.     Plaintiff Ponce repeats and realleges all paragraphs above as though fully set forth herein.

79.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Ponce (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80.     Defendants' failure to pay Plaintiff Ponce (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81.     Plaintiff Ponce (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

82.      Plaintiff Ponce repeats and realleges all paragraphs above as though fully set forth herein.

83.     At all times relevant to this action, Defendants were Plaintiff Ponce's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Ponce, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

84.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Ponce less than the minimum wage.

85.     Defendants' failure to pay Plaintiff Ponce the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

86.     Plaintiff Ponce was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

87.      Plaintiff Ponce repeats and realleges all paragraphs above as though fully set forth

herein.

88.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations

of the New York State Department of Labor, failed to pay Plaintiff Ponce overtime compensation at

rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours

in a work week.

89.     Defendants' failure to pay Plaintiff Ponce overtime compensation was willful within

the meaning of N.Y. Lab. Law § 663.

90.     Plaintiff Ponce was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

91.      Plaintiff Ponce repeats and realleges all paragraphs above as though fully set forth

herein.

92.     Defendants failed to provide Plaintiff Ponce with a written notice, in English and in

Spanish (Plaintiff Ponce's primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any,

claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay

day designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

93.     Defendants are liable to Plaintiff Ponce in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

94.      Plaintiff Ponce repeats and realleges all paragraphs above as though fully set forth herein.

95.     With each payment of wages, Defendants failed to provide Plaintiff Ponce with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

96.     Defendants are liable to Plaintiff Ponce in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

97.     Plaintiff Ponce repeats and realleges all paragraphs above as though fully set forth herein.

98.     At all relevant times, Defendants were Plaintiff Ponce's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

99.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

100.    Defendants unlawfully misappropriated a portion of Plaintiff Ponce's tips that were received from customers.

101.    Defendants knowingly and intentionally retained a portion of Plaintiff Ponce's tips in violations of the NYLL and supporting Department of Labor Regulations.

102.    Plaintiff Ponce was damaged in an amount to be determined at trial.


**EIGHTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

103.    Plaintiff Ponce repeats and realleges all paragraphs above as though set forth fully herein.

104.    Defendants did not pay Plaintiff Ponce on a regular weekly basis, in violation of NYLL §191.

105.    Defendants are liable to Plaintiff Ponce in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ponce respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ponce and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ponce and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ponce's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Ponce and the FLSA Class members;

(f)    Awarding Plaintiff Ponce and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Ponce and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ponce;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ponce;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Ponce;

(k)     Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Ponce's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Ponce;

(n)     Awarding Plaintiff Ponce damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(o)     Awarding Plaintiff Ponce damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Ponce liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Ponce and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Ponce and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Ponce demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

December 13, 2022

CSM LEGAL, P.C

By:        /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

June 22, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Arturo Ponce Rodriguez

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     22 de junio 2022

*Certified as a minority-owned business in the State of New York*