UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTURO PONCE RODRIGUEZ, *individually and on behalf of others similarly situated*,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　　　　-v.-<br><br>CAPRI LAUNDROMAT ROOM LIMITED LIABILITY COMPANY et al.,<br><br>　　　　　　　　　　　Defendants. | 22 Civ. 10528 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

　　On December 13, 2022 Plaintiff filed this action against Defendants Capri Laundromat Room Limited Liability Company, d/b/a Capri Laundry Room (the "Corporate Defendant") and Angelo Campos De Araujo (the "Individual Defendant"). ECF No. 1 (Compl.). On December 15, 2022, the Corporate Defendant was served with the summons and Complaint. ECF No. 9. The Corporate Defendant's response therefore was due on January 5, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On December 20, 2022, the Individual Defendant was served with the summons and Complaint. ECF No. 10. The Individual Defendant's response therefore was due on January 10, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

　　On January 10, 2023, the Individual Defendant, acting *pro se*, filed a motion requesting "more time to answer the civil action against myself and my company." ECF No. 11. On March 7, 2023, following reassignment to this Court, the Individual Defendant filed a Notice of Appearance *Pro Se*, *see* ECF No. 12, and filed an Answer on his own behalf and on behalf of the Corporate Defendant, *see* ECF No. 13.

　　On March 23, 2023, the Court issued an Order (the "March 2023 Order") explaining that "[a] corporation, which is an artificial entity, may only appear in federal court through a licensed attorney; a corporation may not appear *pro se*," ECF No. 14 at 1 (citation omitted), and that,

"[t]herefore, the Motion [for an extension of time to respond] and the Answer, insofar as they were filed on behalf of [the Corporate Defendant], . . . are a nullity," *id.* at 2; *see Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("28 U.S.C. § 1654, which governs appearances in federal court, . . . . does not permit 'unlicensed laymen to represent anyone else other than themselves.'" (citation omitted)). The Court directed the Corporate Defendant to, "within 30 days of service of this Order, . . . obtain representation through a licensed attorney to appear in this case" and cautioned that "failure to do so may constitute grounds for entry of a default judgment under Federal Rule of Civil Procedure 55." *Id.* at 2. The Court also directed the Individual Defendant to, "within 30 days of service of this Order, . . . file a motion for leave to amend his Answer, along with a proposed amended answer that addresses Plaintiff's claims and allegations against him and is filed solely on his behalf." *Id.*

The March 2023 Order was mailed to 343 E. 66th Street, New York, NY 10065—the address of record for the Individual Defendant. On April 25, 2023, the mailing was returned to sender. On May 1, 2023, the Court issued an Order (the "May 2023 Order") directing the Individual Defendant "to update his address of record within 30 days of the date of this Order." ECF No. 15. The May 2023 Order was mailed to the address of record for the Individual Defendant. On May 12, 2023, the mailing was again returned to sender. On May 23, 2023, the Individual Defendant filed a letter providing a "residential" and a "commercial" address. The latter—343 E. 66th Street in Manhattan—appears to be the same as the Individual Defendant's address of record on the docket. ECF No. 16.[1]

---

[1] The "commercial" address in ECF No. 16 also includes "Bsmt Level."

2

On January 30, 2024, Plaintiff requested Certificates of Default as to both Defendants, *see* ECF Nos. 19, 20, and filed a supporting affirmation, *see* ECF No. 21.  On January 31, 2024, the Clerk of Court issued a Certificate of Default as to the Corporate Defendant.  ECF No. 22.

Although the Court's March and May 2023 Orders were sent to 343 E. 66th Street in Manhattan, which is included in the Individual Defendant's May 23, 2023 letter concerning his addresses, *see* ECF No. 16, the returned mailings suggest that the Individual Defendant did not receive those Orders.  Accordingly, it is hereby ORDERED that**, by Friday, June 21, 2024**, the Corporate Defendant shall respond to the Complaint <u>through counsel</u>.  **Failure to do so may constitute grounds for entry of a default judgment under Federal Rule of Civil Procedure 55**.  *See Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006) ("[W]here a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to [Fed. R. Civ. P.] 55." (citation omitted)).

As for the Individual Defendant, he is encouraged to file an Amended Answer, with or without the assistance of counsel, to ensure that the record is clear as to his own responses to the Complaint.  To that end, the Court grants the Individual Defendant leave to file an Amended Answer **by Friday, June 21, 2024.**  If the Individual Defendant does not file an Amended Answer by that deadline, then the case will proceed with ECF No. 13 as the operative answer as to the Individual Defendant.

The Individual Defendant is also encouraged to consent to receive electronic service through ECF.  The Court has enclosed with this Order the *Pro Se* Consent to Electronic Service form.

Finally, the Individual Defendant is reminded of his "obligation to promptly inform the Court and the opposing party of an address change."  ECF No. 15 at 1 (quoting *Am. Arb. Ass'n, Inc. v. Defonseca*, No. 93 Civ. 2424 (CSH), 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997)).

Also enclosed with this Order is the Notice of Change of Address For *Pro Se* Litigants form, which must be submitted (i) through mail or in person to the *Pro Se* Intake Unit at 40 Foley Square, Room 105, New York, New York 10007 or (ii) through email to ProSe@nysd.uscourts.gov.

By **Friday, May 24, 2024,** Plaintiff shall serve Defendants, at both of the addresses provided in the Individual Defendant's letter at ECF No. 16, with (i) the March 2023 Order; (ii) the May 2023 Order; and (iii) this Order. **Within two business days of service**, Plaintiff shall file proof of such service on the docket.

SO ORDERED.

Dated: May 22, 2024
       New York, New York

JENNIFER H. REARDEN<br>
United States District Judge

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

**IMPORTANT NOTICE**

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

**PRO SE INTAKE WINDOW LOCATIONS:**
40 FOLEY SQUARE | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

**MAILING ADDRESS:**
500 PEARL STREET | NEW YORK, NY 10007
PRO SE INTAKE UNIT: 212-805-0136

rev. 3/5/21

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____  _____  _____  _____
Address             City          State        Zip Code

_____              _____
Telephone Number                 E-mail Address

_____              _____
Date                             Signature

**Click Here to Save**

IH-34                                                                                                       Rev:2014-1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (_____)(_____)

NOTICE OF CHANGE OF ADDRESS

I hereby notify the Court that my address has changed to the following:

_____
Name (Last, First, MI)

_____  _____  _____  _____
Address                                   City                              State            Zip Code

_____   _____
Telephone Number                                E-mail Address (if available)

_____   _____
Date                                                        Signature