**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ARTURO PONCE RODRIGUEZ, *individually*
*and on behalf of others similarly situated*,

*Plaintiff*,

-against-

CAPRI LAUNDROMAT ROOM LIMITED
LIABILITY COMPANY (D/B/A CAPRI
LAUNDRY ROOM) and ANGELO CAMPOS
DE ARAUJO,

*Defendants.*
----------------------------------------------------------X

> **MEMO ENDORSED**
> **(p. 2)**

**Index No. 22-cv-10528-VEC**

**NOTICE OF MOTION**

Please take notice that, upon the annexed declaration of Mark Marino and attached exhibits, and all prior papers and proceedings in this case, Plaintiff, by counsel, will move the Court, on such date as is set by the Court, pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2, for judgment by default against Defendant Capri Laundromat Room Limited Liability Company (d/b/a Capri Laundry Room).

Answering papers, if any, shall be served on the undersigned no later than fourteen days after service of the moving papers in accordance with Local Rule 6.1(b), or at such other time as the Court may direct.

Dated: New York, New York
        March 12, 2025

CSM LEGAL, P.C.

By:    /s/ Mark Marino
        Mark Marino, Esq.
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

cc:    Capri Laundromat Room Limited Liability Company
       343 East 66th Street
       New York, New York 10065

       Angelo Campos De Araujo
       225 East 63rd Street Apt. 12G
       New York, New York 10065

The Court holds Plaintiff's motion for default judgment against Defendant Capri Laundromat Room Limited Liability Company (the "Defaulting Defendant") in abeyance pending a determination of liability with respect to the non-defaulting Defendant Angelo Campos De Araujo. The Certificate of Default against the Defaulting Defendant (ECF No. 35) remains in effect and precludes the Defaulting Defendant "from arguing the merits of the claims made against [it]." *Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2002 WL 31545845, at *4 (S.D.N.Y. Nov. 13, 2002); *see Schneider v. Cuddebackville Fire Dep't*, No. 11 Civ. 1499 (KMK) (S.D.N.Y. June 27, 2011) ("Because the case involves multiple defendants, entry of a default instead of a default judgment is, in the Court's view, more appropriate in this case.").

The Clerk of Court is directed to terminate ECF No. 36.

SO ORDERED.

*Jennifer H. Rearden*

Jennifer H. Rearden, U.S.D.J.
Dated: December 18, 2025